**In the Matter of Daniel D. DRISCOLL, dba Independent Refrigeration Co., Bankrupt.**

In Bankruptcy
No. 66837.

United States District Court
S. D. California, Central Division.
June 25, 1956.

James M. Gammon, Los Angeles, Cal., for Bankrupt, petitioner on review.

Craig, Weller & Laugharn, by Andrew F. Leoni, Los Angeles, Cal., for A. J. Bumb, trustee in bankruptcy, respondent on review.

TOLIN, District Judge.

The problem in this case is simple and revolves around the social policy of statutes of exemption from execution and the perpetual eagerness of creditors to whittle away from the immunities created by such exemption laws.

The bankrupt has been ordered to pay to the Trustee amounts equal to loans he had negotiated and repaid Insurance Companies upon the security of life insurance policies which had loan values which, with all other life insurance of the bankrupt, required payment of premiums totaling less than $500 per year.

Long before bankruptcy, the bankrupt had purchased three life insurance policies upon his life. The total annual premiums were $389.50. The surrender values of the policies do not appear in the record, but one with Massachusetts Mutual Life Insurance Company had cash value of at least $1,208.80, and a New York Life Insurance Company policy is worth at least $433.93.

The bankrupt claimed that the policies are exempt and beyond reach of the Trustee. The Bankruptcy Act provides that the statutes which create exemption from execution in the state where the bankrupt resides determine the property a bankrupt may retain as exempt.[1] California Code of Civil Procedure, § 690.-19,[2] therefore applies in this case for this bankrupt resided in California at all pertinent times.

The adjudication of bankruptcy upon a voluntary petition was made on June 3, 1955.

On March 16, 1955, the bankrupt negotiated the last of some loans on the two named policies. These loans were repaid within two weeks prior to filing of the voluntary petition.

The Trustee filed his Report of Exempt Property and in said Report the insurance policies were set apart to the bankrupt as exempt.

The proceeds of the loans (loans secured to the Companies by the policies) were used by the bankrupt in his business. At the time the loans were repaid, the bankrupt was insolvent.

The Referee disapproved the Report of Exempt Property insofar as it related to the two policies which had been the subjects of the loans and repayments. He ruled that the bankrupt could only retain the policies as exempt property if he paid into the estate the portion of the cash surrender value of the policies which accrued by reason of the repayment of the loans. The Referee ruled that unless this condition be met, the policies should pass to the Trustee.

The Referee's Memorandum states:

" * * * there is * * * a clear distinction between the *acquisition* or the *creation* of an exemption and an attempt to *restore* or *recreate* an exemption which has ceased to exist." (Emphasis in quoted material.)

In addition to claiming the policies not exempt, the Trustee had asserted that the repayment of the policy loans within two

---

1. Title 11, U.S.C.A. § 24.

2. "Exemptions; life insurance proceeds, benefits, etc.; restriction

   "All moneys, benefits, privileges, or immunities, accruing or in any manner growing out of any life insurance, if the annual premiums paid do not exceed five hundred dollars ($500), or if they exceed that sum a like exemption shall exist which shall bear the same proportion to the moneys, benefits, privileges, and immunities so accruing or growing out of such insurance that said five hundred dollars ($500) bears to the whole annual premium paid.

   "In addition to the foregoing, all moneys, benefits or privileges belonging to or inuring to the benefit of the insured's spouse or minor children growing out of life insurance purchased with annual premiums not exceeding five hundred dollars ($500), or if such annual premiums exceeded that sum, a like exemption shall exist in favor of such persons which shall bear the same proportion to the moneys, benefits or privileges growing out of such insurance that five hundred dollars ($500) bears to the whole annual premiums paid. (Added Stats.1935, c. 723, p. 1970, § 19. As amended Stats. 1947, c. 1056, p. 2454, § 1.)

weeks prior to bankruptcy constituted a preference.

The Referee correctly determined that there was no voidable preference. His Memorandum states:

"There is no possibility of a voidable preference under section 60 of the Bankruptcy Act [11 U.S.C.A. § 96]. In a situation such as we have in this case it is doubtful if the insurance companies in question can be regarded as having been 'creditors' of the bankrupt. If they were creditors while the aforesaid loans were outstanding they were secured by the policies upon which the loans were made, and the trustee has neither alleged nor shown that they obtained a greater percentage of their debts than other creditors of the same class or that they had reasonable cause to believe that the bankrupt was insolvent."

It has been held that the acquisition of exempt property with non-exempt funds by an insolvent debtor on the eve of bankruptcy is not *ipso facto* fraudulent and that unless actual fraud appears, such property is exempt.[3]

█ It has also been held that an insolvent, on the eve of bankruptcy, has a right to relieve the homestead from a lien resting on it, and he does not thereby impair the exemption of his homestead.[4] Protection of a debtor's life insurance has been held to be a part of the beneficent public policy of saving debtors and their families from want by reason of misfortune or improvidence.[5]

█ Exemptions from execution are creatures of statute and the particular exemption claimed by this bankrupt *measures the amount of exempt insurance by a limitation upon the amount of annual premium. This is the only limitation mentioned in the statute.* This insured's total life insurance premiums were well below the $500 allowed by the statute. Even including the policy not a subject of the Referee's Order, the total is under $500.

It would be inconsistent for the courts to allow owners of homesteads to pay off liens on that type of property without impairing the exemption and deny a similar right to holders of life insurance policies. It would be equally inconsistent to allow insolvents to acquire exempt property and to deny an insolvent person the right to protect such property already owned but subject to an encumbrance.

The decision of the Referee must be reversed with directions to approve the Trustee's Report of Exempt Property.

3. Goggin v. Dudley, 9 Cir., 166 F.2d 1923, affirming; In re Dudley, 72 F.Supp. 943. See also, Collier on Bankruptcy, Vol. 1–868; and Doethlaff v. Penn Mut. Life Ins. Co., 6 Cir., 117 F.2d 582.

4. Gray v. Brunold, 140 Cal. 615, 74 P. 303.
5. In re Estate of Crosby, 2 Cal.2d 470, 41 P.2d 928.